IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

EDRESS TIMPERIO,

Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.

Defendant.
_________________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, EDRESS TIMPERIO, sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter "CARNIVAL" or “Defendant”), files this Complaint, and alleges:

1. This is an action for damages that exceed $75,000.00, exclusive of interest, costs, and attorney’s fees.

2. The Plaintiff, EDRESS TIMPERIO, is *sui juris* and is a resident of Georgia. EDRESS TIMPERIO’s principal residence, and thus citizenship for purposes of diversity of citizenship is Georgia.

3. The Defendant, CARNIVAL, is a foreign profit corporation, duly registered and authorized to transact business in Florida, which is engaged in substantial business activities in Miami-Dade County and is subject to the jurisdiction of this Court. CARNIVAL maintains its principal place of business at 3655 N.W. 87th Ave., MLGL 815, Miami, Florida 33178.

4. At all times material, the Defendant owned and/or operated the cruise ship on which the subject negligence, and resulting incident that forms the basis for this Complaint, occurred.

5. Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees, and there is complete diversity of citizenship between the parties.

6. This Court has personal jurisdiction over CARNIVAL pursuant to § 48.193, Florida Statutes, because Defendant has, at all times material, through its agents, officers, distributors, and/or representatives:

> Operated, conducted, engaged in, and/or carried on a business venture in Florida and has an office in Florida;
>
> Used, possessed, or held a mortgage or other lien on real property within Florida; and/or
>
> Engaged in substantial and not isolated activities within Florida by maintaining stores, offices, employees, distributors, and/or registered agents in Florida, selling products in Florida, advertising products in Florida, or entering into contracts in Florida.

7. Additionally, venue is proper because Defendant voluntarily submits itself to the jurisdiction and venue of this Court as part of its passenger ticket.

8. All conditions precedent for filing and maintaining this action, if any, have been fulfilled, have been waived, or do not apply.

**<u>OTHER ALLEGATIONS COMMON TO ALL COUNTS</u>**

9. The subject incident occurred on or about July 7, 2016 at approximately 12:30 p.m.

10. At all times material, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee of the Defendant while on the vessel.

11. The incident occurred on the vessel Carnival *Valor*, a ship in navigable waters while the Plaintiff was a passenger aboard. Specifically, the incident occurred while Plaintiff was walking from the deck into the inside food court area after leaving Guy's Burgers.

12. The Defendant cruise line, Carnival, owns and/or operates over twenty (20) cruise ships in its fleet. Among all those cruise ships, it operates restaurants and dining areas and other common areas with slick floor surfaces that are substantially similar to the flooring involved in this incident.

13. In this incident, the floor was wet and slippery with something that appeared to Plaintiff, only after she had fallen in the substance, to be oil-based. Further, after Plaintiff had fallen and while she was down on the ground, she noted seeing marks in the greasy substance on the floor similar to mop marks. After the incident another passenger came to assist Plaintiff, and he too slipped in the greasy substance. Also, Plaintiff heard another witness say after the fall, "I told y'all someone was going to fall", which also confirms that Defendant had notice of or should have had known about the dangerous condition before the incident. As a result of the Defendant's negligence in allowing its floor to remain in a wet and slippery condition, the Plaintiff slipped and fell on the floor injuring herself very badly, including suffering a displaced fracture of her tibia and fibula, which required surgery to repair. This has in turn led to permanent, debilitating, and significant injuries.

**NEGLIGENCE – COUNT I**

14. The Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13 and further alleges:

15. At all times material, the Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. *See, Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA July 21, 2004). The Defendant also owed a "duty to exercise reasonable care under the circumstances." *See*, *Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may be reasonably expected to visit." *See, Carlisle v. Ulysses Line Limited, S.A.*, 475 So.2d 248 (Fla. 3d DCA 1985).

16. The Defendant breached those duties and was negligent by:

a. Failing to require crew members to wipe down or clean those areas;

b. Failing to adequately warn anyone including Plaintiff who would walk onto the flooring in the subject area of the ship of the dangerous condition and the fact that the floor was wet and slippery;

c. Failing to inspect for and to observe the wet and slippery area of the flooring in the subject area;

d. Failing to observe that the flooring in the subject area was wet and slippery, and also failing to wipe down or clean that area;

e. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as those in this case;

f. Allowing an ongoing, recurring, continuous, and/or repetitive problem to occur or to remain on the ship which would cause incidents or injuries;

g. Providing negligent maintenance to the area or to the premises and failing to provide reasonable and proper maintenance of the flooring in the subject area;

h. Utilizing or allowing a negligent mode(s) of operation;

i. Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

j. Failing to comply with applicable industry standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence;

k. Failing to otherwise provide its passengers with a safe place to walk;

l. Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence;

m. Failing to comply with applicable industry standards, statutes, and/or regulations, which invoke the Pennsylvania Rule and shift the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence;

n. Failing to adequately warn of the dangerous condition; and/or

o. Committing other acts of negligence as may be discovered.

17. The Defendant created and/or allowed a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an incident on the date referenced above and in which Plaintiff was severely injured.

18. The Defendant either: a) created the dangerous condition, through its agents or employees; b) had actual knowledge of the dangerous condition; and/or c) had constructive notice of the dangerous condition.

19. The Defendant had constructive notice of the dangerous condition by, inter alia: a) the length of time the dangerous condition existed; b) the size and/or nature of the dangerous condition; and/or c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity, including as the result of other substantially similar incidents on the same ship or on other substantially similar incidents on its other ships. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

20. In the alternative, notice to the Defendant is not required because the Defendant: a) engaged in and was guilty of negligent maintenance; and/or b) engaged in and was guilty of a negligent mode(s) of operation.

21. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

22. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable to the Defendant.

23. Defendant is vicariously liable for all acts of negligence committed by its agents and employees, which caused or contributed to this incident, including but not limited to those persons whose job it was to inspect, maintain, and/or warn about the dangerous conditions of the subject flooring and/or were involved in any respect with causing or contributing to this incident.

24. As a result of the Defendant's negligence, the Plaintiff, EDRESS TIMPERIO, has suffered permanent economic and non-economic damages including bodily injury, possible aggravation of pre-existing conditions, pain, suffering, mental anguish, loss of capacity for the enjoyment of life, physical impairment and disability, inconvenience, scarring and disfigurement on a permanent basis, expense of hospitalization and medical and nursing care and treatment, household expenses, loss of earnings in the past, loss of the ability to earn money, loss of important bodily functions, and other expenses. The losses are permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiff, EDRESS TIMPERIO, sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., and demands compensatory damages in an amount in excess of seventy-five thousand dollars ($75,000), plus costs, pre and post judgment interest and any other damages deemed appropriate including but not limited to all damages under the General Maritime Law, and any and all other damages which the Court deems just and appropriate. Plaintiff further requests trial by jury on all issues so triable as of right by a jury.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable as a matter of right.

Dated: November 4, 2016.

Respectfully submitted,
*Plaintiffs' Counsel:*
LAW OFFICES OF SEAN M. CLEARY, P.A.
19 West Flagler St., Suite 618
Miami, Florida 33130
Telephone: (305) 416-9805
Facsimile: (305) 416-9807
Email: sean@clearypa.com

By: _*Sean M. Cleary, Esq./smc/*______
SEAN M. CLEARY
Florida Bar No. 0146341